UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA MARIE HILER,      Civil Action No.: 20-11608
    Honorable Nancy G. Edmunds
    Plaintiff,    Magistrate Judge Elizabeth A. Stafford

v.

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 10, 12]

Plaintiff Katrina Marie Hiler appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion, ECF No. 12, be **GRANTED**;

- Hiler's motion, ECF No. 10, be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I. **BACKGROUND**

A. **Hiler's Background and Disability Applications**

Born in July 1975, Hiler was 40 years old at the time of her alleged onset date of July 1, 2016.  ECF No. 6-3, PageID.93.  Hiler has past relevant work as a production assembler, material handler, and caregiver.  ECF No. 6-2, PageID.41.  Hiler claimed to be disabled from anxiety, hearing voices, unspecified persistent mood disorder, brief psychotic disorder, and adjustment disorder with anxiety.  ECF No. 6-6, PageID.304.

After the Commissioner denied Hiler's disability application initially, an ALJ held a hearing and found her not disabled in a June 2019 written decision.  ECF No. 6-2, PageID.30-43.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Hiler timely filed for judicial review.  *Id.*, PageID.22-24; ECF No. 1.

B. **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[1] *Id*. Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id*. If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id*. At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id*. The claimant bears the burden of proof throughout the first four steps, but the burden shifts to

---

[1] A severe impairment is one that "significantly limits the claimant's physical or mental ability to do basic work activities." §§ 1520(c); 920(c).

the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Hiler was not disabled. At the first step, he found that Hiler had not engaged in substantial gainful activity since her alleged July 2016 onset date. ECF No. 6-2, PageID.36. At the second step, the ALJ found that Hiler had these severe impairments: headaches, cystitis, and affective and anxiety disorders. *Id*. The ALJ found that Hiler had been diagnosed with back pain but that there was insufficient evidence to show that it caused functional limitations, meaning that the back pain was nonsevere. *Id*. The ALJ concluded that none of Hiler's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*

Between the third and fourth steps, the ALJ found that Hiler had the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except that

> she must be allowed a sit stand option, allowing her to sit or stand alternatively, at will, provided she is not off task more than 10% of the work period, and any changes in posture from siting to standing to walking is within the 10 percent off task time limitations, occasional for all postural, no commercial driving, simple routine repetitive work with only occasional contact with public, supervisors and co-workers, few if any changes in work setting, and no production rate pace work.

*Id*., PageID.37. At step four, the ALJ found that Hiler was unable to

perform any of her past relevant work. *Id.*, PageID.41. But at the final step, after considering Hiler's age, education, work experience, RFC, and the testimony of the VE, the ALJ concluded that she could perform jobs that existed in significant numbers in the national economy, including as a document preparer and inspector. *Id.*, PageID.42. The ALJ thus concluded Hiler was not disabled. *Id.*, PageID.43.

## II.   ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is not a high standard; it is "more than a mere scintilla" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Hiler argues that six points of reasoning described by the ALJ were not supported by substantial evidence. ECF No. 10, PageID.908-918 (citing ECF No. 6-2, PageID.38). Those points of reasoning were (1) Hiler's attempts to work after her alleged onset date; (2) the effectiveness of Hiler's medication; (3) Hiler's normal physical and mental examinations; (4) Hiler's taking of a GED examination and online classes; (5) Hiler's active role in helping her daughter and grandchild; and (6) the unreliability of Hiler's subjective complaints. ECF No. 6-2, PageID.38. When addressing these points, Hiler includes few citations to the record. "Judges are not like pigs, hunting for truffles that might be buried in the record." *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019) (citation and internal quotations omitted).

And Hiler's argument that the ALJ wrongly interpreted the record amounts to an improper invitation for the Court to reweigh the evidence. "The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013). "If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if

substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

Here, substantial evidence supports the ALJ's finding that although Hiler's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." ECF No. 6-2, PageID.38.

The ALJ found that Hiler's cumulative earnings did not reach substantial gainful activity levels, but that her ability to work after the alleged onset date "evidence[d] ability to work beyond claims and reports to treating clinicians." ECF No. 6-2, PageID.38. The ALJ noted that Hiler worked after her alleged onset date. *Id*. In August 2016, Hiler worked at a factory and "report[ed] being satisfied with her job." ECF No. 6-8, PageID.751. She began the WorkFirst program in May 2017 and stated that "this will give her a sense of purpose and keep busy." *Id.*, PageID.625. In June 2017, Hiler "started a new job 'scanning airbags,' which she [was] satisfied with so far." *Id.*, PageID.621. Hiler also reported that she had the "option to work overtime" and "reflected that things are 'settling down now.'"

7

*Id.*  During a mental health examination, Hiler discussed "managing workplace anxiety," and noted "that her anxiety has improved as she has been more openly communicating with coworkers, and being mindful about thoughts."  *Id.*, PageID.677.

The ALJ also considered Hiler's return to online school.  ECF No. 6-2, PageID.38-39.  Hiler was working towards her GED in late 2016 and stated that she "hopes to eventually enroll in higher ed. courses to prepare for employment in a hospital of healthcare setting."  ECF No. 6-8, PageID.751.  In March and May 2017, Hiler "identified activities to keep her busy with which include[d] completing schoolwork, finding projects around the house, and identifying activities that have meaning."  *Id.*, PageID.627, 643, 647, 713.  And in February 2017, Hiler wanted "to spend more time on pursuing her diploma, but has too many competing priorities currently."  *Id.*, PageID.669.  As the ALJ noted, Hiler "evidenced a 'fairly positive' affect" after her return to online school.  ECF No. 6-2, PageID.39; ECF No. 6-8, PageID.555.

The ALJ also relied on Hiler's mental health records with largely normal findings.  ECF No. 6-8, PageID.38-39.  In July 2017 and October 2018, Hiler's constitutional, neurological, and psychiatric findings were all "[n]ormal."  ECF No. 6-7, PageID.482; ECF No. 6-9, PageID.829.  Many

mental health exams after her alleged onset date described Hiler as being well developed; as having normal memory, insight, and judgment; as being oriented to time place, person, and situations; and having appropriate mood and affect.  ECF No. 6-7, PageID.477, 482; ECF No. 6-9, PageID.766, 829-830, 833, 836, 840, 846, 851, 860.  Hiler's speech was normal, she was cooperative, she had logical thought processes and good eye contact, and she denied having problematic thought content, hallucinations, or perceptual disturbances.  ECF No. 6-8, PageID.536, 545, 552; ECF No. 6-9 PageID.765, 779-780, 783-784.

Hiler was negative for anxiety, depression, and insomnia in July 2017, and later records described her anxiety as not chronic.  ECF No. 6-7, PageID.481; ECF No. 6-9, PageID.832, 838, 844, 849.  In early 2018 Hiler "appear[ed] stable on her current regimen"; the medication was "prevent[ing] psychiatric symptoms."  ECF No. 6-9, PageID.776, 778.  And in late 2018, Hiler "presented with full affect and euthymic mood," "stated she is doing well," and "denied experiencing psychotic symptoms."  *Id.*, PageID.795.

The ALJ's decision is supported by substantial evidence and it should be upheld even if the record also supports a different decision.  *Hatmaker,* 965 F. Supp. 2d at 930.

**B.**

Hiler argues that the ALJ erred in his assessment of the "relevant hypotheticals" posed to the VE about time off task and absenteeism without merit.  *See* ECF No. 10, PageID.917-918.  The Court disagrees.  During the hearing, the ALJ posed multiple questions to the VE about a hypothetical claimant's ability to work with varying functional limitations.  ECF No. 6-2, PageID.87-90.  In the second hypothetical, the ALJ asked whether any jobs exist for a claimant who is "off task greater than 15% of the day, in addition to regularly scheduled breaks." *Id.*, PageID.89.  The ALJ then posed a question about a claimant who would "miss more than two days in an average month." *Id.*  The VE testified that such limitations would be work preclusive.  *Id.*  Hiler argues that the ALJ erred by failing to adopt the VE's conclusion about the hypothetical questions posed "[g]iven the substantial evidence of record" of her "disabling symptoms."  ECF No. 10, PageID.918.

The ALJ properly relied on the VE's testimony about a claimant with Hiler's age, education, work experience, and assessed RFC.  "[T]he ALJ was not obligated to rely on the VE's testimony that was given in response to a hypothetical question that was based on" Hiler's unsubstantiated

10

subjective complaints. *Walton v. Comm'r of Soc. Sec.*, 60 F. App'x 603, 611 (6th Cir. 2003); *see also Brewer v. Soc. Sec. Admin.*, 39 F. App'x 252, 254 (6th Cir. 2002) ("The ALJ is not obligated to include unsubstantiated complaints and restrictions in his hypothetical questions.").

The ALJ "properly relied on the VE's response to a hypothetical question that was based on the limitations that were credited by the ALJ and supported by substantial evidence on the record." *Walton*, 60 F. App'x at 611. His decision should be affirmed.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion, ECF No. 12, be **GRANTED**; that Hiler's motion, ECF No. 10, be **DENIED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: August 3, 2021          United States Magistrate Judge

11

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
