UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA MARIE HILER,

       Plaintiff,                            No. 20-11608

v.                                     Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 3, 2021 REPORT AND RECOMMENDATION [14]**

**I.    Background**

Plaintiff Katrina Marie Hiler filed this action seeking review of the Commissioner of Social Security's decision denying her application for disability insurance benefits and supplemental security income. The Court referred the matter to Magistrate Judge Elizabeth A. Stafford, who recommends affirming the Commissioner's decision. (ECF No. 14.) Plaintiff has filed an objection to the Magistrate Judge's report and recommendation, (ECF No. 15), and Defendant has responded to that objection, (ECF No. 16). Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objection and ACCEPTS and ADOPTS the report and recommendation. Accordingly, the Court DENIES Plaintiff's motion for summary judgment (ECF No. 10), GRANTS Defendant's motion for summary judgment (ECF No. 12), and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

1

## II. Standard of Review

### A. *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B. Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

### III. Analysis

Plaintiff states she has one objection to the report and recommendation, taking issue with the Magistrate Judge's conclusion that substantial evidence supports the ALJ's decision. Plaintiff then repeats the same "six points of reasoning" she had presented to the Magistrate Judge. "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). And to the extent Plaintiff asserts the Magistrate Judge erroneously dismissed her arguments after stating she had included few citations to the record, the Court notes the Magistrate Judge went on to consider and discuss most of Plaintiff's arguments.

Moreover, the Court has reviewed the record and agrees with the Magistrate Judge that Plaintiff's arguments are an improper invitation to reweigh the evidence. For example, Plaintiff argues that while the ALJ noted that Plaintiff had worked after her alleged onset date, her attempts to work actually reflect her disability. In support of this argument, she points to several places in the record where she described the difficulties she encountered while working to her treating physicians. However, there were other places in the record where Plaintiff indicated she was satisfied with the job she had at the time. (*See* ECF No. 14, PageID.957.) Similarly, the ALJ did not err by relying on the effectiveness of Plaintiff's medications, the largely normal findings in her mental health records, the fact that she was seeking her GED and taking online classes, and the role

3

she was playing in her daughter's life. And with regard to the testimony provided by the vocational expert, the ALJ properly relied upon the response to the hypothetical question that included the same limitations the ALJ found to be substantiated and supported by substantial evidence in the record. *See Walton v. Comm'r of Soc. Sec.*, 60 F. App'x 603, 611 (6th Cir. 2002). Thus, the Court will affirm the ALJ's decision as recommended by the Magistrate Judge.

**IV.    Conclusion**

For the foregoing reasons, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. The Court therefore DENIES Plaintiff's motion for summary judgment (ECF No. 10), GRANTS Defendant's motion for summary judgment (ECF No. 12), and AFFIRMS the decision of the Commissioner of Social Security pursuant to § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 27, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

4